## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

NECA-IBEW PENSION FUND,                          Case No. 1:11-cv-451
   Derivatively on Behalf of
CINCINNATI BELL, INC.,                           Judge Timothy S. Black
   Plaintiff,

vs.

PHILLIP R. COX, *et al.*,
   Defendants.

## ORDER DENYING PLAINTIFF'S MOTION
## FOR A PRELIMINARY INJUNCTION (DOC. 8)

This case is before the Court on Plaintiff's motion for a preliminary injunction

(Doc. 8) and the parties' responsive memoranda (Docs. 22 & 27).

## BACKGROUND

Plaintiff brings a shareholder derivative suit against Defendants, alleging that

the director Defendants breached their fiduciary duty of loyalty when they approved

Cincinnati Bell's 2010 executive compensation. (Doc. 1 at ¶¶ 46-59). Plaintiff also

alleges that Defendants Cassidy, Wilson, and Wojtaszek were unjustly enriched as a

result of the director Defendants' breach of fiduciary duty. (*Id.*)

On September 20, 2011, the Court denied Defendants' motion to dismiss, and

this case is now before the Court on Plaintiff's motion for a preliminary injunction.[1]

---

[1] Defendants requested an evidentiary hearing prior to the Court's issuance of a decision on this motion. Plaintiff consented to a decision based on the parties' motions and responsive memoranda. Because the Court finds that Plaintiff has failed to carry its burden to establish the need for preliminary injunctive relief, the Court finds no need for an evidentiary hearing as requested by Defendants.

(*See* Doc. 31). Plaintiff seeks an injunction enjoining the Cincinnati Bell Board from effectuating the 2010 executive compensation plan and placing the increased compensation into a constructive, interest-bearing trust. (Doc. 8 at 2).

## STANDARD OF REVIEW

Plaintiff bears the heavy burden of demonstrating his entitlement to a preliminary injunction. "A preliminary injunction is an <u>extraordinary remedy</u> which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002) (emphasis supplied). In determining whether to grant injunctive relief, this Court must weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Id.*

These four considerations are factors to be balanced, not prerequisites that must be met. *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.,* 119 F.3d 453, 459 (6th Cir. 1997). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000); s*ee also Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997).

## ANALYSIS

To obtain preliminary injunctive relief, Plaintiff must first demonstrate that there is a strong likelihood that it will achieve success on the merits of its case. *Overstreet*, 305 F.3d at 573. Although Plaintiff has presented plausible claims for breach of fiduciary duty and unjust enrichment (*see* Doc. 31), the Court is unable to conclude at this stage that Plaintiff possesses a strong likelihood of success on the merits. Upon summary judgment or at trial, Defendants will be able to proffer and evidence the affirmative defense that their compensation decision is protected by the business judgment rule. At the present, the Court cannot conclude that Plaintiff will be able to prove by clear and convincing evidence that the Defendants acted with deliberate intent to injure the corporation or with reckless disregard.

Plaintiff also cannot demonstrate that it will suffer irreparable harm if the Court does not issue preliminary injunctive relief. *Overstreet*, 305 F.3d at 573. To satisfy this standard, Plaintiff must demonstrate that the injury it will suffer is actual and imminent rather than speculative and unsubstantiated. *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). As a general rule, a movant has not established irreparable harm where money damages would adequately compensate for the asserted harm. *Performance Unlimited Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1382 (6th Cir. 1995).

Here, Plaintiff seeks money damages and thus fails to establish that it will face irreparable harm if the injunction is not issued. Under Plaintiff's theory, preliminary

injunctive relief is required because Defendants could spend the compensation and

prevent future recovery. (Doc. 8 at 18).  Plaintiff relies on *USACO Coal Co. v. Carbomin*,

689 F.2d 94, 98 (6th Cir. 1982) to assert that Defendants' ability to dispose of the assets

sufficiently establishes irreparable harm. (*See* Doc. 27 at 4).  But the facts in *Carbomin*

were substantially different from those in this case.  In *Carbomin*, the defendant had

engaged in numerous "questionable dealings" and had only minimal ties to the United

States, leading the Court to conclude that it was probable that the defendant would

dispose of the assets and prevent recovery. *Carbomin*, 689 F.2d at 98.  Here, Plaintiff has

shown no evidence that the Defendants are likely to dispose of the assets, but has simply

asserted that the Defendants "could" do so.  (Doc. 8 at 18).  Moreover, there is no hint

here that the directors have engaged in numerous, questionable dealings; and, in fact, the

directors are leading citizens in this community who possess longstanding and substantial

ties to the community.  Plaintiff's entirely speculative claim that the directors and officers

will dispose of assets to prevent recovery is insufficient to establish that Plaintiff will face

irreparable harm.

The Court must also weigh whether the issuance of an injunction will cause

substantial harm to other individuals. *Overstreet*,  305 F.3d at 573.  Any preliminary

order placing the 2010 executive compensation into a constructive trust will burden the

three officers by depriving them of the compensation prior to any finding on the merits.

This burden must be weighed against the harm to Plaintiff, which potential harm is

obviated by Plaintiff's failure to demonstrate that post-judgment monetary remedies would be inadequate to address the harms it has allegedly suffered.  Accordingly, the balance of the hardships does not favor preliminary injunctive relief.

Finally, the Court must weigh whether the public interest is best served by granting preliminary injunctive relief.  This test primarily addresses the impact on non-parties and directs the trial court to "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).  Here, Plaintiff makes no showing that the public interest requires preliminary injunctive relief.

## CONCLUSION

Considering the four factors, the Court finds that Plaintiff has failed to meet its burden of establishing by clear and convincing evidence its entitlement to a preliminary injunction.  A preliminary injunction is an *extraordinary* remedy which should be granted only if circumstances clearly demand it.  Here, Plaintiff has failed to establish that it will suffer irreparable harm absent an injunction, and, further, Plaintiff has failed to establish a substantial likelihood of success on the merits.  Accordingly, Plaintiff's motion for a preliminary injunction is **DENIED**.

**IT IS SO ORDERED**.

Date:  September 26, 2011

Timothy S. Black
United States District Judge

-5-