# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NECA-IBEW PENSION FUND,
   Derivatively on Behalf of
CINCINNATI BELL, INC.,

      Plaintiff,

vs.

PHILLIP R. COX, *et al.*,

      Defendants.

Case No. 1:11-cv-451

Judge Timothy S. Black

## ORDER TO THE ATTORNEYS OF PLAINTIFF NECA-IBEW PENSION FUND TO APPEAR IN COURT ON DECEMBER 21, 2011 at 1:00 p.m. TO SHOW CAUSE WHY THEY SHOULD NOT BE SANCTIONED

Rule 11 of the Federal Rules of Civil Procedure provides that by signing, filing, submitting, or later advocating a pleading, the attorneys certify to the Court that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). Rule 11 violations are serious matters, and the Rule mandates the imposition of sanctions where a violation occurs. *INVST Fin. Grp, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987). The Court possesses wide discretion to fashion an appropriate sanction. *See* Fed. R. Civ. P. 11(c), Advisory Committee Notes 1983 Amendments.

The Court is deeply troubled by the apparent truth that Plaintiff's counsel failed to conduct a reasonable inquiry into the factual contentions as to Plaintiff NECA-IBEW Pension Fund's citizenship and thereby alleged diversity jurisdiction without basis in fact or law, in outright derogation of Rule 11 and an attorney's fundamental obligations as an officer of the Court.[1]

In the Complaint (Doc. 1), signed by Mr. Landskroner, and listing as counsel Mr. Downs, Mr. Goodman, Mr. Legando, and Robbins Geller Rudman & Dowd LLP,

---

[1] As the Supreme Court of Ohio has explicitly held: "<u>We require complete candor with courts</u>. ... An attorney owes his first duty to the court. ... His oath requires him to be to be absolutely honest even though his client's interests may seem to require a contrary course. The [lawyer] cannot serve two masters; and the one he has undertaken to service primarily is the court." *Cincinnati Bar Assn v. Nienaber*, 687 N.E.2d 678, 681 (Ohio 1997) (emphasis supplied; internal quotations omitted).

While this Show Cause Order concerns only the representations made in Plaintiff's Complaint (Doc. 1), the Court also notes the troubling pattern that emerges from Plaintiff's counsel's lack of candor in two other instances.

First, Mr. Downs failed to disclose an adverse decision on a related matter when directly asked by the Court at oral argument on Defendants' Motion to Dismiss for Failure to State a Claim. (*See* Tr. 9/13/11 at 65, ln 22-25 ("The Court: And there's no judicial decision yet on any of the cases where you represent as to a motion to dismiss? Mr. Downs: Right. We don't have a reported published decision."). *But see* Doc. 28, Ex. E at 59 (Georgia court granting Defendants' Motion to Dismiss in *Teamsters Local 327 Additional Sec. Benefit Fund v. McCarthy*, 2011 cv 197841 Superior Court of Fulton Cnty., Ga. on Aug. 3, 2011); *see also* Doc. 28 Ex. D at 27 (listing Mr. Downs as counsel of record in *Teamsters Local*)).

Second, in Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 42), filed on October 25, 2011, Mr. Downs states that Plaintiff Dennis Palkon "voluntarily dismissed his derivative action in state court without prejudice in order to help centralize the Cincinnati Bell Derivative Litigation in this Court." (Doc. 42 at 5). However, Mr. Palkon was not removed as a plaintiff in the state court action until November 1, 2011, when the plaintiffs in that case filed an Amended Complaint. (Doc. 49 at 9, n.8). The Court notes that the Amended Complaint was filed in state court six days after Mr. Downs informed the Court that Mr. Palkon had already dismissed his case, and the state court Amended Complaint was filed only after Defendants raised the issue in their Motion to Strike. (*See* Doc. 44 at 3, n.1).

-2-

Plaintiff NECA-IBEW Pension Fund identified itself as a citizen of Illinois and invoked federal subject matter jurisdiction on the basis of diversity of citizenship. (Doc. 1 at 2-3). Mr. Downs (and co-counsel) later advocated the allegations set forth in the Complaint, both in the written opposition to the Motion to Dismiss for Failure to State a Claim (Doc. 23) and in advocacy before the Court at oral argument.

After the Court ruled on Defendants' Motion to Dismiss for Failure to State a Claim, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 34) alleging that Plaintiff NECA-IBEW Pension Fund had failed to properly identify itself as a trust and a citizen of Georgia and that the Court therefore lacked subject matter jurisdiction. (Doc. 34 at 3).

Plaintiff promptly filed an Amended Complaint (Doc. 41), without leave of the Court, in which, for the first time, Plaintiff NECA-IBEW Pension Fund acknowledged that it is a trust and a citizen of Georgia. (Doc. 41 at 4). And in an attempt to achieve diversity jurisdiction in this Court, the Amended Complaint, unlike the original Complaint, does not name Cincinnati Bell Board member Lynn Wentworth, who is also a citizen of Georgia, as a defendant. (*See* Doc. 41 at 5; Doc. 49 at 6). Plaintiff has offered no explanation for the failure to identify the NECA-IBEW Pension Fund as a citizen of Georgia in the original Complaint, nor has Plaintiff offered any argument that the Court possessed subject matter jurisdiction over the original Complaint.

Accordingly, the attorneys for Plaintiff NECA-IBEW Pension Fund, including Travis Downs and Jack Landskroner, are **HEREBY ORDERED** to appear in Court on December 21, 2011 at 1:00 p.m., in Courtroom 7, Room 117, and **SHOW CAUSE** why:

1. The attorneys for Plaintiff NECA-IBEW Pension Fund should not be sanctioned under Rule 11(b) of the Federal Rules of Civil Procedure for filing a Complaint in this Court without having investigated and assured under the facts that the Court possessed subject matter jurisdiction; and

2. The Court's Order of September 20, 2011 should not be vacated as having been improvidently granted without subject matter jurisdiction.

Plaintiff NECA-IBEW Pension Fund and its attorneys shall file a written response to this Show Cause Order by December 15, 2011; and Defendants may file a response by December 20, 2011.

**IT IS SO ORDERED.**

Date: 12/5/11

*Timothy S. Black*
Timothy S. Black
United States District Judge