# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NECA-IBEW PENSION FUND,
    Derivatively on Behalf of
CINCINNATI BELL, INC.,

        Plaintiff,

vs.

PHILLIP R. COX, *et al.*,

        Defendants.

Case No. 1:11-cv-451

Judge Timothy S. Black

## ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT AND NOTICE OF VOLUNTARY DISMISSAL

This case is before the Court on Defendant's Motion to Strike the Notice of Voluntary Dismissal and Amended Complaint (Doc.44) and the parties' responsive memoranda (Doc. 49, 52).  For the reasons stated herein, Defendants' motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff NECA-IBEW Pension Fund is an institutional shareholder of Cincinnati Bell.  On July 5, 2011, Plaintiff filed a verified shareholder derivative complaint (Doc. 1) against the officers and directors of Cincinnati Bell, alleging that the Defendants had breached their fiduciary duty of loyalty by awarding top executives multimillion dollar bonuses and pay increases in a year when the company's revenue and earnings per share declined significantly.  Plaintiff invoked federal subject matter jurisdiction on the basis of diversity of citizenship.  (Doc. at ¶ 6).

Defendants filed a Motion to Dismiss for Failure to State a Claim (Doc. 3) on July 29, 2011, arguing that Plaintiff had failed to satisfy the demand requirements set out in Fed. R. Civ. P. 23 and that Defendants' actions were protected by the business judgment rule. After full briefing and oral argument, the Court denied Defendants' motion on September 20, 2011. (*See* Doc. 33).

Defendants then filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 34), alleging that Plaintiff had failed to identify itself as a citizen of Georgia, and that because Defendant Lynn Wentworth was also a citizen of Georgia, the Court lacked diversity jurisdiction. (Doc. 34 at 3). In response, Plaintiff filed a Notice of Voluntary Dismissal of Defendant Wentworth (Doc. 40), and argued that the dismissal of the non-diverse party cured any jurisdictional defect. (Doc. 43 at 3-5). Simultaneously, Plaintiff filed an Amended Complaint (Doc. 41), without leave of the Court, in which, for the first time, Plaintiff NECA-IBEW Pension Fund acknowledged that it is a trust and a citizen of Georgia. (Doc. 41 at 4). The Amended Complaint also added, as a new Plaintiff, Dennis Palkon, who had previously filed a similar action in state court. (Doc. 41 at ¶ 10).

Defendants subsequently filed a Motion to Strike Plaintiff's Notice of Voluntary Dismissal and Amended Complaint (Doc. 44). Plaintiff filed a Response in Opposition (Doc. 49), and Defendants filed a Reply (Doc.52).

## II.    ANALYSIS

Defendants ask the Court to strike both the Amended Complaint and the Notice of

Voluntary Dismissal on the grounds that Plaintiff was required to seek leave from the

Court before filing an amended complaint, and before dropping a party.

### A.    Amended Complaint

Plaintiff claims that it was entitled to file an amended complaint without leave of

the Court, while Defendants contend that Plaintiff's filing was out of time.

Rule 15 of the Federal Rules of Civil Procedure states:

> (1)    A party may amend its pleading once as a matter of course within:
>
> > (A)    21 days after serving it, or;
> >
> > (B)    if the pleading is one to which a responsive pleading is required, 21
> > days after service of a responsive pleading or 21 days after service of
> > a motion under Rule 12(b), (e), or (f), whichever is sooner.

Fed. R. Civ. P. 15(a).

Defendants filed a Rule 12(b) motion, their Motion to Dismiss for Failure to State

a Claim (Doc. 3), on July 29, 2011.  Plaintiff was therefore free to file an amended

complaint without leave of the Court until August 19, 2011.

Plaintiff argues that Defendants' filing of a second Rule 12(b) motion, the Motion

to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 34), on October 4, 2011,

triggered a new 21 day period in which Plaintiff was free to amend the complaint without

leave of the Court.  In support, Plaintiff cites the Advisory Committee Notes to Rule 15,

which note that the 21 day period is designed "to force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." (*Id.* (citing Fed. R. Civ. P. 15, Advisory Committee Notes, 2009)).  Plaintiff contends that this language implies that each new motion triggers a new 21 day period, because to find otherwise would prevent Plaintiffs from meeting the arguments in the motion.  (*Id.*).

However, the Advisory Committee Notes to the Rule also state: "The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative.  If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period."  Fed. R. Civ. P. 15, Advisory Committee Notes, 2009.  In response, Plaintiff argues that this prohibition on cumulative periods "refers only to the circumstances where a responsive pleading and one of the designated motions are both filed" rather than a case where two motions are filed.  (Doc. 49 at 4).

The Court concludes that Plaintiff misreads the Notes.  The plain language of the Advisory Committee Notes clearly indicates that the situation of a responsive pleading and then a motion was only an "example" rather than a description of the only application of the cumulative limitation.  *See also Blackhall v. Access Group,* No. 10cv508, 2010 WL 3951206 at *1 (D. N.J.  Oct. 7, 2010) (finding that where the defendant filed multiple Rule 12(b)(6) motions, the 21 day period began from the date of filing of the first motion); *Morris v. Nicholson*, No. RWT 09cv2726, 2010 WL 3245404 at *12 (D. Md.

Aug. 17, 2010) ("The earliest served responsive pleading or motion begins the twenty-one day period."). Plaintiff has cited no case law supporting its interpretation of the Rule concerning the 21 day period, and under the plain language of the Notes, Plaintiff is not entitled to a new 21 day period.[1]

Plaintiff filed its Amended Complaint on October 21, 2011, well after the expiration of the 21 day period. Accordingly, Plaintiff was required to seek leave of the Court prior to filing the Amended Complaint. Defendants' Motion to Strike the Amended Complaint is therefore **GRANTED**.

### B. Notice of Voluntary Dismissal

With its Amended Complaint, Plaintiff also filed a Notice of Voluntary Dismissal removing Defendant Wentworth from the case pursuant to Rule 41(a)(1)(A)(i). (*See* Doc. 40 at 2). Defendants argue that any dismissal of Ms. Wentworth must be completed under Rule 21, and ask the Court to strike Plaintiff's Notice of Voluntary Dismissal so that Defendants may challenge the dismissal of Defendant Wentworth. (Doc. 44 at 4).

Rule 41 states, in part, that "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Conversely, Rule 21 provides that, "On motion or on its own, the court may at any time, on just terms, add or

---

[1] Further, Defendants note that nominal party Cincinnati Bell filed an Answer (Doc. 9) on August 1, 2011. (Doc. 52 at 2). Therefore, even if Plaintiff's assertion is correct, and the limitation only applies in such cases as where there is both a designated motion and a responsive pleading, that situation has occurred here.

drop a party." *Id.* at 21. As the Sixth Circuit noted:

> "Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim refers to what has traditionally been termed 'cause of action.' Rule 21 proves that 'Parties may be dropped or added by order of the court on motion' and we think that this rule is the one under which any action to eliminate . . . a party should be taken."

*Letherer v. Alger Group, LLC,* 328 F.3d 262, 266 (6th Cir. 2003) (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961), *cert. denied*, 366 U.S. 948 (1961)), recognized as overruled on other grounds in *Blackburn v. Oaktree Capital Mgmt. LLC*, 511 F.3d 633, 636 (6th Cir. 2008). *See also AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004).

Plaintiff relies on *AmSouth's* statement that "the particular rule used is immaterial in assessing whether jurisdiction was created by a party's dismissal" to argue that dismissal is appropriate under either Rule 41 or Rule 21. (Doc. 49 at 6). *AmSouth*, 386 F.3d at 778. However, the court in *AmSouth* drew its conclusion from two prior decisions in which the Sixth Circuit held that diversity jurisdiction could be preserved either by dismissing a non-diverse party pursuant to Rule 21 or filing an amended complaint omitting the non-diverse party under Rule 15. *See Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 546 ("it makes no difference whether Rule 15 or Rule 21 is used"); *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999) ("it makes no difference whether Rule 15 or Rule 21 is used to retain federal diversity jurisdiction over a case). However, here, Plaintiff was required to seek leave of Court to

invoke Rule 15, and Rule 21 required leave of the Court as well to dismiss a party at this stage of the litigation. Plaintiff's assertion that it is "immaterial" which Rule is invoked is wrong, in this case, as a dismissal under Rule 41 deprives the Defendants of a full and fair opportunity to challenge the dismissal of Ms. Wentworth.

In adherence with Sixth Circuit precedent suggesting that dismissal of an individual party is properly conducted pursuant to Rule 21, Defendants' Motion to Strike Plaintiff's Notice of Voluntary Dismissal pursuant to Rule 41 is **GRANTED**.

## III.    CONCLUSION

For the reasons stated herein, Defendants' Motion to Strike the Notice of Voluntary Dismissal and Amended Complaint is **GRANTED**. Plaintiff may file a motion pursuant to Rule 15 or Rule 21 to amend the complaint and dismiss Defendant Wentworth **within 30 days** of entry of this Order.

Any motion on this matter must fully brief the issue of whether Ms. Wentworth is an indispensable party. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("it is well settled that Rule 21 invests district courts with the authority to allow a *dispensable* nondiverse party to be dropped at any time") (emphasis added).

**IT IS SO ORDERED**.

Date: 12/21/11

Timothy S. Black
United States District Judge

-7-